IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MARCUS L. HARRIS,**

    **Petitioner,**     **CASE NO.2:08-CV-1043**
                                      **JUDGE JAMES L. GRAHAM**
**v.**     **MAGISTRATE JUDGE E.A. Preston Deavers**

**WARDEN, ROSS CORRECTIONAL**
**INSTITUTION,**

    **Respondent.**

## OPINION AND ORDER

On December 17, 2010, the Magistrate Judge issued a *Report and Recommendation* denying Petitioner's request for an evidentiary hearing and recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. (Doc. 22). For the reasons that follow, Petitioner's objections (Doc. 22) are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

Petitioner's request for a certificate of appealability is **GRANTED**.

## OBJECTIONS

Petitioner asserts that he was denied equal protection under *Batson v. Kentucky*, 476 U.S. 79 (1986), and *Miller-El v. Dretke*, 545 U.S. 231 (2005), because the prosecutor exercised a peremptory challenge to remove Delores Livingston, an African-American from the jury based on her race, resulting in no African Americans being seated on the jury. (Claim One.) He additionally asserts ineffective assistance of counsel due to his attorney's failure to make juror questionnaires a part of the record on appeal (Claim Two) and argues that imposition of non-minimum, maximum, and consecutive terms of incarceration violated due process and the Ex Post Facto Clause. (Claim

Three.) The Magistrate Judge recommended dismissal of all of these claims on the merits.

Petitioner objects to the Magistrate Judge's recommendation of dismissal of Claims One and Two. In this regard, he again raises all of the arguments he previously presented. Petitioner contends that the Magistrate Judge erred by treating as irrelevant evidence relating to jurors who did not sit on the jury and in concluding that the record reflected no evidence of disparate questioning of potential jurors by the prosecutor. Petitioner indicates that, contrary to the conclusion of the Magistrate Judge, Ammons was seated as an alternate juror. Petitioner contends that the decision of the state appellate court rejecting his claim of ineffective assistance of appellate counsel is not entitled to deference under 28 U.S.C. § 2254(d), (e), because the claim involves a mixed question of fact and law.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. This Court is not persuaded by Petitioner's arguments. This Court agrees with the Magistrate Judge's conclusion that the record fails to reflect either disparate questioning or discriminatory intent by the prosecution, or that Petitioner has met his burden of establishing that the state appellate court's decision rejecting his claim warrants federal habeas corpus relief. Removal of jurors identified by Petitioner for cause, or through the exercise of a peremptory challenge from the prosecutor and defense counsel, fails to support his allegation of racial animus. Further, the prosecutor's failure to exercise a peremptory challenge to strike Diana Ammons from sitting as an alternate juror does not reflect that the prosecutor's explanation for removing Livingston was pretextual. In response to the question, "Have you, a friend, a relative or anyone you know ever been arrested for or convicted of a felony?", Ammons indicated "Della Hooper – drug charges – June 2004." *See* Doc. 20, *Exhibit 6.* Contrary to Petitioner's allegation here, Ammons did not indicate on her juror questionnaire that

2

any member of her family or close friends had been affiliated with the corrections system, prison or jail, probation or parole, drug enforcement administration, the public defender or prosecution. She did have friends who were police officers, and knew a sheriff through marriage. *Id.* By contrast, Livingston indicated on her juror questionnaire, *inter alia*, that her son and sister had been affiliated with law enforcement, corrections, probation and parole, the public defender, and the drug enforcement administration; her son had been convicted of drug trafficking; and her sister had been convicted of prostitution. Livingston further seemed to indicate in her juror questionnaire that her sister had at least a five year history of police arrests. Doc. 20, *Exhibit 1*.

The factual findings of the state appellate court are presumed to be correct under 28 U.S.C. § 2254(e), where the state appellate court rejects a claim on the merits. Petitioner does not refer to, and this Court through its own examination has not uncovered any authority indicating a contrary result is in order here. Further, 28 U.S.C. § 2254(d)(1) applies to mixed questions of law and fact, including a claim of ineffective assistance of counsel. *See Mitchell v. Mason*, 325 F.3d 732, 737-38 (6th Cir. 2003)(holding the same).

For these reasons, and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner's objections are **OVERRULED.**

## REQUEST FOR A CERTIFICATE OF APPEALABILITY

Petitioner seeks a certificate of appealability on habeas corpus Claims One and Two. Where a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To make a substantial showing of the denial of a constitutional right, a

petitioner must show the following:

> [T]hat reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" *Barefoot*, 463 U.S., at 893, and n.4 . . . .

*Id.* The Court is persuaded that Petitioner has met this standard here. Petitioner's request for a certificate of appealability is, therefore, **GRANTED**. The Court certifies the following issues for appeal:

1. Was Petitioner denied equal protection under *Batson v. Kentucky*, 476 U.S. at 79 (1986), and *Miller-El v. Dretke*, 545 U.S. at 231, because the prosecutor exercised a peremptory challenge to remove Delores Livingston, an African-American, from the jury based on her race?

2. Was Petitioner denied effective assistance of counsel because his attorney failed to ensure that juror questionnaires were made a part of the record on appeal?

In sum, Petitioner's objections (Doc. 22) are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

Petitioner's request for a certificate of appealability is **GRANTED**.

It is so ORDERED.

                                           s/James L. Graham  
                                           JAMES L. GRAHAM  
                                           United States District Judge

DATE: May 6, 2011